IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 15-cr-00149-JLK

UNITED STATES OF AMERICA

  Plaintiff,

v.

CONRAD ARCHULETA,

  Defendant.

## ORDER OF DETENTION

  THIS MATTER came before the Court for a detention hearing on June 24, 2015. Present were the following: Martha Paluch, Assistant United States Attorney, David Owen, counsel for the defendant, and the defendant. The Court carefully considered the Pretrial Services Memorandum and the comments of counsel.

  The Court has concluded, by a preponderance of the evidence, that no condition or combination of conditions of release will reasonably assure the appearance of the defendant and, by clear and convincing evidence, that no condition or combination of conditions will reasonably assure the safety of the community, based upon the attached findings.

  IT IS HEREBY ORDERED that the defendant is committed to the custody of the Attorney General or their designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; and

  IT IS FURTHER ORDERED that the defendant is to be afforded a reasonable opportunity to consult confidentially with defense counsel; and

  IT IS FURTHER ORDERED that upon order of this Court or on request of an attorney for the United States of America, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with this proceeding.

DATED:  June 23, 2015        BY THE COURT:

                      s/Nina Y. Wang
                      United States Magistrate Judge

United States v. Conrad Archuleta
Case Number 15-cr-00149-JLK

### FINDINGS OF FACT, CONCLUSIONS OF LAW and REASONS
### FOR ORDER OF DETENTION

In order to sustain a motion for detention, the government must establish that (a) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the defendant's presence for court proceedings; or (b) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the safety of any other person or the community. The former element must be established by a preponderance of the evidence, while the latter requires proof by clear and convincing evidence.

If there is probable cause to believe that the defendant committed an offense which carries a maximum term of imprisonment of over 10 years and is an offense prescribed by the Controlled Substances Act, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community.

The Bail Reform Act, 18, U.S.C, § 3142(g), directs the court to consider the following factors in determining whether there are conditions of release that will reasonably assure the appearance of the defendant as required and the safety of any other person and the community:

I.   [t]he nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

II.  the weight of the evidence against the person;

III. the history and characteristics of the person, including –

   A. the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

   B. whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and

IV.  the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

In making my findings of fact, I have taken judicial notice of the information set forth in the Pretrial Services Report and entire court file, and have considered the comments of defense counsel.  In particular, I note that during the detention hearing on June 23, 2015, defense counsel indicated that his client was currently in state custody and was not opposing the government's request for detention.

Weighing the statutory factors set forth in the Bail Reform Act, I find the following:

First the defendant has been charged under a Superseding Indictment on counts including one count of Conspiracy to File False Claim for Refund in violation of 18 U.S.C. § 286, and two counts of Filing a False Claim for Refund.  The grand jury has found that probable cause exists to believe that the alleged offenses were committed and that defendant Archuleta committed the charged offenses.  The indictment in the instant case alleges that defendant conspired to submit false tax returns to the Internal Revenue Service to obtain refunds on those false returns, and in fact, did submit such returns and receive such refunds.

Second, I note the Pretrial Services Memorandum indicates that defendant Archuleta is currently in state custody serving a sentence for multiple felonies including, but not limited to, first degree burglary, aggravated robbery, and felony menancing.

After considering all of the factors set forth in the Bail Reform Act, the offense charged in this case, and the evidence presented during the detention hearing, I conclude that there is clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of the community.  In particular, I note that the defendant has a significant conviction record and this alleged offense occurred while defendant was incarcerated.  Finally, I find, by a preponderance of the evidence, that no condition or combination of conditions of release will reasonably assure the appearance of the defendant.  In support of that finding, I note the lengthy sentence that could be imposed if the defendant was found guilty of the charged offense, the defendant's current status as a state prisoner with a next parole hearing set for October 2015, and a mandatory release date of May 6, 2027, and the defendant's decision not to contest the government's request for pretrial detention.