IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 15-cr-00149-JLK

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. RAUL CARAVEO,
2. PAMILA LUCERO,
3. SABRINA CARAVEO,
4. EUGENE CHAVEZ,
5. CAROLINA ARAGON,
6. CRISTINA PORTILLOS,
7. **CONRAD ARCHULETA, and**
8. **NANCY GUZMAN,**

    Defendants.

**GOVERNMENT'S MOTION TO DISCLOSE COPIES OF GRAND JURY MATERIALS UNDER SPECIFIED CONDITIONS TO THE ATTORNEYS FOR DEFENDANTS ARCHULETA AND GUZMAN PURSUANT TO FED. R. CRIM. P. 6(e)(3)(E)(i)**

The United States of America (the government) moves this Court for an Order allowing the government to disclose a copy of the transcripts of testimony given by a witness before the grand jury, and accompanying exhibits, to the attorneys for the Defendants Archuleta and Guzman under the conditions specified below. As grounds for this motion, the government states:

    1.    On April 24, 2015, the Court entered an Order allowing the disclosure of grand jury materials to the first six named defendants in this case. Doc. 63. On June 10, 2015, the grand jury returned a Superseding Indictment charging Conrad Archuleta

1

and Nancy Guzman in Count 1, with a violation of Title 18, United States Code, Section 286, Conspiracy to File False Claims for Refund, and in Counts 34 and 35, with violations of Title 18, United States Code, Section 287, False Claims for Refund.   Doc. 93.   It is therefore necessary for the government to receive authorization from the Court to disclose copies of grand jury materials to Defendants Archuleta and Guzman.

2. During the course of the investigation which resulted in the indictment and superseding indictment in this case, a witness testified on two occasions before the grand jury, once when it returned the indictment, and a second time when it returned the superseding indictment.   Defense counsel has requested, and the government is willing to provide, a copy of the transcripts of this testimony and related exhibits as part of the discovery in this case.

3. Disclosure of grand jury material may be authorized pursuant to Rule 6(e)(3)(E)(i) of the Federal Rules of Criminal Procedure, which provides that, "The court may authorize disclosure-at a time, in a manner, and subject to any other conditions that it directs-of a grand-jury matter: (i) preliminarily to or in connection with a judicial proceeding . . . ."

4. This case is a "judicial proceeding" and the requested disclosure is "in connection with" the proceeding.

5. The government's understanding is that the usual practice of defense counsel in this district is not to provide defendants with copies of grand jury materials, but instead to orally review the contents of such materials with them.   As the government understands it, this practice flows from the concern, shared by the government and based

on past events in the district, that grand jury materials might otherwise be improperly distributed by defendants.  See *United States v. Jimenez*, 928 F.2d 356, 359-61 (10th Cir.1991).

    6.   Because of the nature of the materials sought to be disclosed, the timing of the contemplated disclosure, and the possibility of loss or dissemination of copies of the grand jury materials, the government would request that the Court further order that:

        a.   Defense counsel make only such copies as are necessary to prepare a defense of the criminal case;

        b.   Defense counsel keep a written record concerning how many copies were made, to whom those copies were delivered, and the date of delivery, and that defense counsel deliver a copy of any Order allowing disclosure with the materials;

        c.   Defense counsel provide the defendants with reasonable access to the grand jury materials, but that defense counsel not allow the defendants to retain copies of any grand jury materials;

        d.   No person, other than defense counsel, make any copy of the grand jury materials for any purpose; and

        e.   At the conclusion of the case in this Court, by entry of the Court's judgment, defense counsel collect all such copies and return them to the government within ten days.

    THEREFORE, the government requests that the Court enter an Order pursuant to Rule 6(e)(3)(E)(i) allowing disclosure of a copy of the transcripts of testimony given by the

witness before the grand jury, and accompanying exhibits, to the attorneys for the defendants on the conditions described above.

Respectfully submitted this 26th day of June, 2015.

JOHN F. WALSH
United States Attorney


s/ Martha A. Paluch
MARTHA A. PALUCH
Assistant U.S. Attorney
1225 17th Street, Suite 700
Denver, CO 80202
Telephone 303-454-0100
Facsimile 303-454-0402
Email: martha.paluch@usdoj.gov

## **CERTIFICATE OF SERVICE**

   I hereby certify that on this 26th day of June, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail address:

Mr. Martin Stuart  
Counsel for Raul Caraveo  
mstuart@portmanstuart.com

Mr. John Schlie  
Counsel for Pamila Lucero  
johnhenry@schlielawfirm.com

Ms. Marci Gilligan  
Counsel for Sabrina Caraveo  
gilligan@ridleylaw.com

Mr. Thomas Ward  
Counsel for Eugene Chavez  
tward@wardlawdenver.com

Mr. Robert Pepin  
Counsel for Carolina Aragon  
Robert_Pepin@fd.org

Mr. John Mosby  
Counsel for Christina Portillos  
john_mosby@msn.com

Mr. David Owen, Jr.  
Counsel for Conrad Archuleta  
davidowen@lodopc.com

Mr. John Sullivan, III  
Counsel for Nancy Guzman  
jfslaw1@aol.com

        s/ *Mariah Tracy*_____  
        MARIAH TRACY  
        Legal Assistant  
        U.S. Attorney's Office  
       1225 17th St., Suite 700  
       Denver, CO  80202  
       Telephone:  (303) 454-0100  
       Fax:  (303) 454-0401  
       e-mail: Mariah.Tracy@usdoj.gov