IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO.  15-00149-JLK-7

**UNITED STATES OF AMERICA**,

        Plaintiff,

v.

**CONRAD ARCHULETA**,

        Defendant.

_____

**DEFENDANT ARCHULETA'S UNOPPOSED MOTION TO DECLARE CASE COMPLEX, VACATE CURRENT DEADLINES AND TRIAL DATE, AND TO EXCLUDE 120 DAYS FROM THE SPEEDY TRIAL COMPUTATIONS**
_____

COMES NOW, CONRAD ARCHULETA, by and through his attorney, David L. Owen, Jr., and pursuant to Fed. Rules of Criminal Procedure 12(c) and Title 18  U.S.C. § 3161(h)(7)(A); (B)(1) and (ii) and hereby respectfully moves this Court for an Order declaring the case complex, vacating all current deadlines and trial dates and excluding 180 days from the Speedy Trial Computations. In support thereof counsel states as follows:

**PROCEDURAL BACKGROUND**

1.    On June 10, 2015, a Superseding Indictment was filed in the District of Colorado charging Mr. Archuleta with violation of Title 18 U.S.C. §§ 286, 287 and 2(a) (Doc 93). A Writ of Habeas Corpus Ad Prosequendum was issued (Doc 99).

2. On June 18, 2015, Mr. Archuleta was arrested and appeared before the Honorable Kristen L. Mix, United States Magistrate Judge for the District of Colorado for his Initial Appearance (Doc 101). At this hearing the Office of the Federal Public Defender was appointed to represent Mr. Archuleta (Doc 102).

3. On June 19, 2015, due to a conflict of interest the Office of the Federal Public Defender filed a Motion to Withdraw as Attorney for Mr. Archuleta (Doc 108).

4. On June 19, 2015, the Court granted the Motion to Withdraw and directed the clerk of the court to appoint a member of the local CJA panel (Doc 109).

5. On June 19, 2015, the undersigned counsel was appointed to represent Mr. Archuleta (Doc 110).

6. On June 23, 2015, Mr. Archuleta appeared before the Honorable Nina Y. Wang, United States Magistrate Judge for the District of Colorado for Arraignment, Detention and Discovery Conference. Mr. Archuleta entered a plea of Not Guilty to each and every count in which he is named in the Superseding Indictment. Due to the fact Mr. Archuleta is currently serving a Colorado State sentence he stipulated to the detention hearing (Doc 114). Also, the parties completed the Discovery Conference announcing a trial of approximately 8 days was likely (Doc 116).

7. On June 26, 2015, the Court entered an Order granting (Doc 136) the government's Motion to Disclose Grand Jury Materials (Doc 140). The Court also

entered an Order granting (Doc 135) the government's Motion for Protective Order (Doc 141).

8.   On July 7, 2015, the undersigned counsel received the discovery disks released by the government; however, counsel has not had the opportunity to review the discovery materials in depth at this point.

## STATUTES AND CASE LAW FOR CONTINUANCES

9.   Title 18 U.S.C. § 3161(h)(7) authorizes this Court to exclude from the time limitations set forth in the Speedy Trial Act any delay for which the ends of justice served by the delay outweigh the best interest of the public and the Defendant in a speedy trial. Title 18 U.S.C. § 3161(h)(7)(B)(1) provides that a factor the Court must consider when granting such a delay is "[w]hether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice." Also set forth in §3161(h)(7)(B)(iv) is whether failure to grant such a continuance "would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence."

10.   The Tenth Circuit Court of Appeals set forth factors for evaluating a request for an Ends of Justice continuance stating "the record must clearly establish the district court considered the proper factors at the time such a continuance was granted." *United States v. Toombs,* 574 F.3d 1262, 1269 (10th Cir. 2009) (quoting *United States v. Gonzales*, 137 F.3d 1431, 1433 (10th Cir. 1998)). The record must explain why the reasons listed by the party moving for

the continuance actually results in the need for additional time. The moving party cannot state the simple conclusion additional time is necessary as this does not satisfy the requirements of the Speedy Trial Act. *Id.* at 1271-1272.

      11.   The Tenth Circuit Court of Appeals has also set forth the factors the Court should consider:

      a) the diligence of the party requesting the continuance,

      b) the likelihood that the continuance, if granted, would accomplish the purpose underlying the request for the continuance,

      c) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance, and

      d) the need asserted for the continuance and the harm that could be suffered as a result of the court's denial of the continuance.

*United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987).

### ARGUMENT

      12.   Mr. Archuleta is charged in three counts of the Superseding Indictment. Count 1 charges Conspiracy to File False Claims for Refund in violation of Title 18 U.S.C. § 286. Counts 34 and 35 charged Filing False Claims in violation of Title 18 U.S.C. §§ 287 and 2(a). This is a complex tax fraud scheme which lasted over a six year time duration. The very nature of the allegations make this case far more complex than the average federal criminal case.

13. Counsel has received initial discovery, which consists of at least 13,000 pages of documents, over 3,000 recorded prison calls and many hours of audio recorded interviews and the transcripts of those interviews..

As the Court is well aware, white collar crimes involve thousands of pages of witnesses interviews, bank records, phone records; and in this case, tax records, etc. It is anticipated a number of witnesses will need to be investigated, located and interviewed.

Through counsel's experience, complex white collar cases, such as tax fraud, usually involve a number of pretrial motions. Given the volume of discovery and the complex nature of this case, even with exercising due diligence, counsel cannot possibly review all of the discovery materials, determine potential defenses, evaluate, research and file the necessary pretrial motions within the current Speedy Trial Computations. Additionally, until discovery has been reviewed, counsel will not be able to determine the need, locate, interview and/or retain expert witnesses for pretrial motions or for trial within the current Speedy Trial Computations

14. Should a continuance not be granted, a miscarriage of justice would result by denying counsel the necessary and reasonable time for effective preparation of a defense to the allegations; thus, resulting in denying Mr. Archuleta his Sixth Amendment right to Effective Assistance of Counsel. However, granting the request for a continuance would provide counsel sufficient time to review discovery, research motions, investigate, locate and interview

potential witnesses, evaluate the need, locate, interview and retain expert witnesses and formulate a defense to the charges alleged in the Superseding Indictment.

14.     The request for a 120 day continuance should not be an inconvenience to the opposing party, co-defendants, the witnesses or the Court. Counsel has conferred with AUSA Martha Paluch and co-defendant's counsel who have all stated they no objection to the granting of a 120 continuance. Therefore, Mr. Archuleta submits his request satisfies the criteria set forth in Title 18 USC §3161(h)(7), *United States v. Toombs* and *United States v. West*.

WHEREFORE the reasons stated above, Mr. Archuleta respectfully requests this Court issue an Order declaring this case complex, vacate all current deadlines and trial date and exclude 120 days from the speedy trial calculations.

Respectfully submitted,

/s/ David L. Owen, Jr.
DAVID L. OWEN, JR. #39669
Law Office of David L. Owen, Jr.,P.C.
718 Huntington Place
Highlands Ranch, CO 80126-4730
Telephone: (303) 993-7092
FAX: (720) 242-8907
davidowen@lodopc.com
Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on July 8, 2015, I electronically filed the foregoing **DEFENDANT ARCHULETA'S UNOPPOSED MOTION TO DECLARE CASE COMPLEX, VACATE CURRENT DEADLINES AND TRIAL DATE, AND TO EXCLUDE 120 DAYS FROM THE SPEEDY TRIAL COMPUTATIONS** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

AUSA Martha Paluch- martha.paluch@usdoj.gov

Mr. Martin Stuart
mstuart@portmanstuart.com

Mr. John Schlie
johnhenry@schlielawfirm.com

Ms. Marci Gilligan
gilligan@ridleylaw.com

Mr. Thomas Ward
tward@wardlawdenver.com

Mr. Robert Pepin
Robert_Pepin@fd.org

Mr. John Mosby
john_mosby@msn.com

Mr. John Sullivan, III
jfslaw1@aol.com

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

Conrad Archuleta - hand delivered

    /s/ David L. Owen, Jr.
    DAVID L. OWEN, JR.
    Law Office of David L. Owen, Jr. P.C.
    718 Huntington Place
    Highlands Ranch, CO 80126-4730
    Telephone: (303) 993-7092
    davidowen@lodopc.com
    Attorney for Defendant Archuleta